THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MI BOX OF GREATER AUSTIN, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § § § | CIVIL ACTION NO. 1:26-cv-00278 |
| ALLIED WORLD ASSURANCE COMPANY, | § § § § | |
| Defendant. | § | |

**DEFENDANT ALLIED WORLD ASSURANCE COMPANY (U.S.) INC'S
<u>NOTICE OF REMOVAL</u>**

Pursuant to 28 U.S.C. § 1441, Defendant Allied World Assurance Company (U.S.) Inc. ("Defendant") hereby removes the action styled and numbered *MI Box of Greater Austin, LLC v. Allied World Assurance Company*, Cause No. 25-3111-DCE, pending in the 453rd District Court of Hays County, Texas to the United States District Court for the Western District of Texas, Austin Division. For the reasons set forth below, removal of the state court action is proper under 28 U.S.C. §§ 1332, 1441, and 1446.

**I.    SUMMARY OF NOTICE**

1.    Plaintiff MI Box of Greater Austin, LLC's ("Plaintiff") commenced this action on October 21, 2025 by filing Plaintiff's Original Petition ("Original Petition") in the 453rd Judicial District Court of Hays County, Texas—Cause No. 25-3111-DCE (the "Lawsuit").[1]

2.    This lawsuit arises out of Plaintiff's claim for coverage under a property insurance policy issued by Defendant for damage purportedly sustained to property owned by Plaintiff. Plaintiff asserts several common law and statutory causes of action against Defendant – a foreign

---

[1]    Plaintiff's Original Petition, attached as **Exhibit B-1**.

insurance company organized under the laws of Delaware, with its principal place of business in New York.

3.  Because the amount in controversy in this case plainly exceeds $75,000, and complete diversity of citizenship exists between Plaintiff and Defendant, removal of this action is proper under 28 U.S.C. § 1332(a).

## II. STATE COURT ACTION

4.  Plaintiff commenced this action on October 21, 2025 by filing Plaintiff's Original Petition in the 453rd Judicial District Court of Hays County, Texas—Cause No. 25-3111-DCE.

5.  Defendant was served with a copy of the Original Petition on January 8, 2025. Defendant thus files this Notice of Removal within the 30-day period required by 28 U.S.C. § 1446(b)(2)(B). The Petition names Allied World Assurance Company (U.S.) Inc. as the only defendant in the lawsuit.

6.  Venue is proper in this the Western District of Texas under 28 U.S.C. § 1441(a) because the state court where the action is pending is located in this district.

## III. BASIS FOR REMOVAL

7.  Removal of this action is proper under 28 U.S.C. § 1441 because it is a civil action brought in a state court and the federal courts have original jurisdiction over the subject matter pursuant to 28 U.S.C. § 1332. Specifically, removal is proper because there is now, and was at the time this action was filed, complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeds $75,000, exclusive of interest, costs, and attorneys' fees.

A.　　**Removal is Proper Because Complete Diversity of Citizenship Exists Between Plaintiff and Defendant.**

8.　　Plaintiff is a limited liability company organized under the laws of the State of Texas.[2] The citizenship of a limited liability company is determined by the citizenship of its members.[3] MI Box is comprised of two members: Matthew Higley and William J. Hawkins.[4] Matthew Higley is, and was at the time this lawsuit was filed, an individual who is domiciled and resides in the State of Texas and, therefore, is a citizen of Texas for diversity jurisdiction purposes. William J. Hawkins is, and was at the time this lawsuit was filed, an individual who is domiciled and resides in the State of Texas and, therefore, is a citizen of Texas for diversity jurisdiction purposes. Mi Box is thus a citizen of Texas for purposes of diversity jurisdiction.

9.　　Defendant Allied World Assurance Company (U.S.) Inc. is a foreign insurance company incorporated in the State of Delaware, with its principal place of business in New York. Defendant is thus a citizen of Delaware and New York for purposes of diversity jurisdiction.

10.　　Accordingly, there is now, and was at the time this action was filed, complete diversity of citizenship between Plaintiff and Defendant.

B.　　**Removal is Proper Because Plaintiff's Claimed Damages Exceed This Court's Jurisdictional Threshold of $75,000.**

11.　　Under § 1332(a), diversity subject matter jurisdiction requires that the matter in controversy "exceed[] the sum or value of $75,000, exclusive of interest and costs." "To determine whether the amount in controversy is satisfied, the Court must look to the complaint at the time it

---

[2]　See MI Box of Greater Austin, LLC's Certificate of Formation Limited Liability Company, attached as **Exhibit C**.
[3]　See *Carden v. Arkoma Associates*, 494 U.S. 185, 195 (1990).
[4]　See MI Box of Greater Austin, LLC's Texas Franchise Tax Public Information Report, attached as **Exhibit D**.

was filed. . . .An allegation in the complaint of the requisite amount will normally suffice to confer jurisdiction upon the court if the claim is made in good faith . . . ."[5]

12. Here, Plaintiff's Original Petition states that it seeks monetary relief over $1,000,000, including interest, statutory or punitive damages and penalties, attorney fees and costs.[6] It is therefore facially apparent that Plaintiff's claims exceed this Court's jurisdictional threshold of $75,000. Defendant denies the validity and merits of Plaintiff's claims, the legal theories upon which those claims are based, and the allegations for monetary and other relief requested by Plaintiff. However, for purposes of removal only, and without conceding that Plaintiff is entitled to any damages or other relief in this action, it is facially apparent that the amount in controversy exceeds $75,000, exclusive of interest and costs.

13. Because there is complete diversity among the parties and the amount in controversy exceeds $75,000 excluding interest and costs, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a), and this action is removable under 28 U.S.C. § 1441(b).

### IV.     COMPLIANCE WITH 28 U.S.C. § 1446

14. As required by 28 U.S.C. § 1446(a), a copy of each of the following are attached to (or filed with) this Notice of Removal:

(1)    The docket sheet in the state court action, attached as Exhibit A to this Notice of Removal; and

(2)    Each pleading, writ, or order filed, issued, or entered in the state court action (as separate attachments arranged in chronological order according to state court filing date), attached as Exhibits B1- B3 to this Notice of Removal.

---

[5]   *Gutierrez v. Nissan N. Am., Inc.*, No.: A–15–CA–01250–SS, 2016 WL 8258790, *2 (W.D. Tex. Apr. 12, 2016) (citations and internal quotation marks omitted).
[6]   See Plaintiff's Original Petition, attached as **Exhibit B-1**, at ¶ 4.

15. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of this Notice of Removal, and a true and correct copy of this Notice of Removal will be filed with the clerk of the 453rd District Court of Hays County, Texas.

## V.     JURY DEMAND

16. Defendant hereby demands a jury trial.

## VI.     CONCLUSION

17. WHEREFORE, Defendant Allied World Assurance Company (U.S.) Inc. requests that this action be removed from the 453rd Judicial District Court of Hays County, Texas, to the United States District Court for the Western District of Texas, Austin Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

**ZELLE LLP**

By: */s/ Brett A. Wallingford*
    Brett A. Wallingford
    State Bar No. 00797618
    bwallingford@zellelaw.com
    Isabella R. Arciba
    State Bar No. 24137538
    barciba@zellelaw.com

901 Main Street, Suite 4000
Dallas, TX  75202
Telephone:     214-742-3000
Facsimile:     214-760-8994

**ATTORNEYS FOR DEFENDANT ALLIED WORLD ASSURANCE COMPANY (U.S.) INC.**

## CERTIFICATE OF SERVICE

  This is to certify that on February 5, 2026, a true and correct copy of the foregoing document was delivered to all known counsel of record in accordance with the Federal Rules of Civil Procedure as follows:

Mikal D Williams
State Bar No. 24107965
mwilliams@hodgefirm.com
Shaun W. Hodge
State Bar No. 24052995
shodge@hodgefirm.com
**THE HODGE LAW FIRM, PLLC**
1301 Market Street
Galveston, TX 77550
Telephone (409) 762-5000
Facsimile: (409) 763-2300

*Attorneys for Plaintiff*

               */s/     Brett A. Wallingford*
               Brett A. Wallingford