# EXHIBIT B-3

FILED
1/27/2026 2:47 PM
Amanda K. Calvert
District Clerk
Hays County, Texas

CAUSE NO. 25-3111-DCE

| | | |
|---|---|---|
| MI BOX OF GREATER AUSTIN, LLC, | § § § | IN THE DISTRICT COURT |
| *Plaintiff*, | § | |
| v. | § § | HAYS COUNTY, TEXAS |
| ALLIED WORLD ASSURANCE COMPANY, | § § § § | |
| *Defendant*. | § | 453RD DISTRICT COURT |

**DEFENDANT ALLIED WORLD ASSURANCE COMPANY'S
ORIGINAL ANSWER AND DEFENSES**

Defendant Allied World Assurance Company ("Defendant") files this Original Answer and Defenses to Plaintiff MI Box of Greater Austin, LLC's ("Plaintiff") Original Petition, and would respectfully show the Court as follows:

**I.
GENERAL DENIAL**

1. Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every allegation contained in Plaintiff's Original Petition and demands strict proof thereof. By this general denial, Defendant demands that Plaintiff proves every fact in support of its claims by a preponderance of the evidence. By this general denial, Defendant further demands that Plaintiff proves every fact in support of its treble and exemplary damages claim(s) by clear and convincing evidence.

**II.
DENIAL OF CONDITIONS PRECEDENT**

2. Defendant specifically denies that Plaintiff has satisfied all conditions precedent to the recovery it seeks in this lawsuit in the following particulars:

### *Loss During the Policy Period*

3. Defendant's policy number 5097-0322-01, which was issued to Plaintiff insuring certain property, with effective dates of coverage from March 11, 2024 to March 11, 2025 (the "Policy"), applies only to loss that occurs during the Policy period. To the extent any part of the claimed loss for which Plaintiff seeks recovery did not occur during this period, the Policy provides no coverage for such loss.

### *Loss Above the Deductible*

4. Defendant's obligation to pay under the Policy extends, if at all, only to a covered loss to covered property that exceeds the Policy deductible. If there is an obligation to pay, it applies only to the amount of covered loss, if any, that exceeds the deductible, including but not limited to the Policy's Windstorm or Hail deductibles.

### *Valuation & Loss Payment*

5. Defendant's obligation to pay under the Policy extends, if at all, only to the extent provided by the Policy's Loss Payment and Valuation provisions.

### *Allocation of Damages*

6. Plaintiff is entitled to recover only the portion of its claimed loss that is covered under the Policy. To the extent that Plaintiff is unable to allocate the covered portion of its claimed loss from the uncovered portion, Texas law regarding concurrent causation precludes Plaintiff's recovery.

### *Prompt Notice*

7. The Policy's Duties In The Event Of Loss Or Damage provision requires Plaintiff provide prompt notice of the loss or damage to Defendant, which Plaintiff failed to do. To the extent Plaintiff's failure to provide prompt notice of the loss or damage to Defendant has

prejudiced Defendant's ability to adjust Plaintiff's underlying insurance claim, Plaintiff's ability to recover under the insurance policy would be limited.

## III.
## DEFENSES

8. Pursuant to the Texas Rules of Civil Procedure, Defendant sets forth the following defenses to the allegations in Plaintiff's Original Petition.

### *Policy Terms, Conditions, and Limitations*

9. Plaintiff's claims are subject to all of the terms, conditions, limitations, and exclusions contained in the Policy, with effective dates of coverage from March 11, 2024 to March 11, 2025. The Policy is subject to its proportionate share of the limit of liability and any sub-limits of liability. The Policy is a written document, the contents of which are the best evidence of its terms.

### *Construction or Maintenance*

10. Plaintiff's claims are barred, in whole or in part, by policy exclusions for loss caused by faulty, inadequate, or defective design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction, materials used in repair, construction, renovation or remodeling, or maintenance.

### *Interior Damage Limitation*

11. Plaintiff's claims are barred, in whole or in part, by the policy limitation for loss of or damage to the interior of any building or structure or to personal property in the building or structure, caused by or resulting from rain, snow, sleet, ice, sand or dust, whether driven by wind or not unless the building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, sleet, ice, sand or dust enters.

### *Wear and Tear*

12.     Plaintiff's claims are barred, in whole or in part, by the policy's exclusion for loss caused by wear and tear, rust, corrosion, fungus, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself.

### *Settling, Cracking, Shrinking or Expansion*

13.     Plaintiff's claims are barred in whole or in part, by the policy's exclusion for loss caused by settling, cracking, shrinking or expansion.

### *Continuous or Repeated Seepage or Leakage*

14.     Plaintiff's claims are barred in whole or in part, by policy exclusion for loss caused by continuous or repeated seepage or leakage of water or other liquids that occurs over a period of 14 days or more.

### *Cosmetic Damage Exclusion*

15.     Plaintiff's claims are barred, in whole or in party, by policy exclusions for loss caused by cosmetic loss or damage to roof coverings caused by hail, wind, rain, snow, or ice.

### *Duty to Mitigate*

16.     Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to take all reasonable steps to protect the covered property from further damage by a covered cause of loss. Plaintiff's recovery, if any, must be offset and reduced accordingly.

### *Bona Fide Dispute*

17.     A bona fide controversy exists concerning the extent of Plaintiff's entitlement to benefits under the Policy. Defendant and/or its employees, agents, representatives, and adjusters are entitled to value claims differently from Plaintiff without incurring extra-contractual liability. Defendant would show that a bona fide controversy exists regarding the scope and amount of any

alleged covered loss and/or the extent to which any asserted loss was the result of a covered occurrence or occurrences to covered property.

### *Payment / Offset / Credit*

18. Plaintiff's claim is reduced by the amount of its deductible and any payment(s) for its insurance claim. Defendant is entitled to an offset or credit in the total amount of Plaintiff's deductible and any claim payments.

### *Excessive Demand*

19. Plaintiff's claim for attorney's fees is barred, in whole or in part, by the doctrine of excessive demand.

### *No Extra-Contractual Liability*

20. Plaintiff's claims against Defendant for violation of Section 541 of the Texas Insurance Code, Breach of the Duty of Good Faith and Fair Dealing, and violation of Section 17.46 of the Texas Business & Commerce Code fail as a matter of law. At all relevant times, Defendant had a reasonable basis, both in fact and under the Policy, for the coverage determinations it made in connection with Plaintiff's claim. Any alleged delay, underpayment, or denial of policy benefits was based upon a reasonable investigation of the facts, policy terms, and applicable law. Therefore, Plaintiff is not entitled to recover for its claims against Defendant for the alleged violation of Section 541 of the Texas Insurance Code, Breach of the Duty of Good Faith and Fair Dealing, and violation of Section 17.46 of the Texas Business & Commerce Code.

### *No Independent Injury*

21. Plaintiff's claims for alleged bad faith and violations of the Texas Insurance Code are barred to the extent Plaintiff did not sustain damages (if any) independent of the denial of benefits under the Policy.

### *Limitation of Punitive / Exemplary Damages / Treble Damages*

22.     Defendant denies any liability to Plaintiff for alleged extra-contractual damages. Pleading alternatively, Defendant pleads that any award to Plaintiff of exemplary, additional, treble or punitive damages or penalties is limited pursuant to Texas Civil Practice & Remedies Code Chapter 41 and Texas Insurance Code Sections 541.152 and 542.060. Under the facts of this case, however, an award of exemplary, additional, treble or punitive damages or penalties consistent with the maximum awards permitted under these statutes would violate Defendant's state and federal constitutional rights. Defendant affirmatively pleads that an award of exemplary, additional, treble or punitive damages or penalties would violate the due process and equal protection clauses of the United States and Texas Constitutions. Defendant affirmatively pleads that an award of exemplary, additional, treble or punitive damages or penalties would be both arbitrary and excessive in that (1) Texas procedure lacks adequate safeguards in violation of the due process clauses of the United States and Texas Constitutions, and (2) Defendant will not be afforded equal protection against extra-contractual damages that would be limited or capped for others.

23.     As a specific defense, Defendant asserts that Plaintiff's claims for punitive damages, if any, cannot be sustained pursuant to Texas law regarding the standards for determining liability for and the amount of punitive damages. The imposition of punitive damages in this case would be fundamentally unfair and would violate the Constitution of the United States and the Constitution of the State of Texas in one or more of the following respects:

a)     Due process requires proof of punitive damages by a standard greater than the "preponderance of the evidence" standard. Due process requires proof of such claims by at least clear and convincing evidence standard of proof.

    b)    The assessment of punitive damages, a remedy that is essentially criminal in nature without safeguards greater than that afforded by Texas Civil Procedure and the civil law, constitutes infliction of a criminal penalty without the safeguards guaranteed by the Fifth, Sixth, and Fourteenth Amendment of the Constitution of the United States, the Eighth Amendment to the Constitution of the United States, and Article I, §§ 13 and 19 of the Constitution of the State of Texas.

24.    Defendant further reserves the right to assert additional defenses as this litigation proceeds.

## IV.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Allied World Assurance Company prays that upon final judgment: (a) all relief requested by Plaintiff be denied; (b) all costs be taxed against Plaintiff; and (c) for such other and further relief to which Defendant may be justly entitled, whether general or special, at law or in equity.

>Respectfully submitted,
>
>**ZELLE LLP**
>
>By: */s/ Brett A. Wallingford*
>   Brett A. Wallingford
>   State Bar No. 00797618
>   bwallingford@zellelaw.com
>   Isabella Renee Arciba
>   State Bar No. 24137538
>   barciba@zellelaw.com
>
>901 Main Street, Suite 4000
>Dallas, TX  75202
>Telephone:    214-742-3000
>Facsimile:    214-760-8994
>
>**ATTORNEYS FOR DEFENDANT ALLIED WORLD ASSURANCE COMPANY**

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing has been served on all counsel of record in accordance with the TEXAS RULES OF CIVIL PROCEDURE on January 27, 2026:

Mikal D Williams
State Bar No. 24107965
mwilliams@hodgefirm.com
Shaun W. Hodge
State Bar No. 24052995
shodge@hodgefirm.com
**THE HODGE LAW FIRM, PLLC**
1301 Market Street
Galveston, TX 77550
Telephone (409) 762-5000
Facsimile: (409) 763-2300

*Attorneys for Plaintiff*

>  */s/ Brett A. Wallingford*
>   Brett A. Wallingford

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Maggie Morado on behalf of Brett Wallingford
Bar No. 797618
mmorado@zellelaw.com
Envelope ID: 110512386
Filing Code Description: Answer/Response
Filing Description: Defendant Allied World Assurance Company's Original Answer and Defenses
Status as of 1/28/2026 11:56 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Mary Cornell | | mcornell@zellelaw.com | 1/27/2026 2:47:39 PM | SENT |
| Isabella R.Arciba | | barciba@zellelaw.com | 1/27/2026 2:47:39 PM | SENT |
| Brett A.Wallingford | | bwallingford@zellelaw.com | 1/27/2026 2:47:39 PM | SENT |
| Maggie Morado | | mmorado@zellelaw.com | 1/27/2026 2:47:39 PM | SENT |
| Shaun W.Hodge | | shodge@hodgefirm.com | 1/27/2026 2:47:39 PM | SENT |
| Mikal D.Williams | | mwilliams@hodgefirm.com | 1/27/2026 2:47:39 PM | SENT |